IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| ESTHELA LERMA § | CASE NO. 05-34963 | |
|    Debtor § | | |
| § | | |
| ESHTELA LERMA § | ADVERSARY NUMBER 05-03520 | |
|    Plaintiff § | | |
| § | | |
| vs. § | | |
| § | | |
| CHARLIE T'S AUTOS, INC. § | | |
| dba Talisman Motor Company § | | |
|    Defendants (s) § | | |

**MEMORANDUM OPINION CONCERNING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (doc # 9) and
<u>DISMISSING ADVERSARY PROCEEDING</u>**

     Plaintiff filed a complaint to recover damages from Defendant arguing that Defendant charged an interest rate on a motor vehicle contract that exceeded the maximum allowable rate under Texas law. On October 21, 2005, the Defendant filed a motion to dismiss the adversary proceeding and a motion for summary judgment denying the Plaintiff's allegations ("Motion") (doc # 9). Plaintiff did not file a response to the Motion. For the reasons stated below and by separate order issued this date, the Court GRANTS the Defendant's motion for summary judgment and dismisses this adversary proceeding.

JURISDICTION

     This is an adversary proceeding, a civil proceeding, arising in a case under Title 11, and arising under Title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. §1334(b) and (e). By Order dated August 9, 1984, superceded by General Order 2002-2 on March 11, 2002, and under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (C) and (K). The bankruptcy judge may hear and may determine core proceedings as per 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

STANDARDS FOR SUMMARY JUDGEMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment, Fed.R.Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed.R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.C.t 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

DISCUSSION

*Year Model of Vehicle*

Plaintiff alleges in her complaint that she purchased a vehicle from Defendant approximately one month prior to filing her chapter 13 bankruptcy petition. Following the filing of the bankruptcy petition, Plaintiff returned the original vehicle to Defendant because the vehicle had problems. Plaintiff asserts that on or about April 14, 2005, the Defendant gave the Plaintiff a different car, in

return for the original vehicle.  On that date, Plaintiff signed new transaction documents.

Additionally, Plaintiff alleges in her complaint that the Motor Vehicle Installment Sales Contract ("Contract") related to a "2004 Ford Mustang."[1]  The Contract includes interest at the rate of 25.20% per annum, which Plaintiff argues exceeds the maximum amount allowed by Texas law.

Defendant contends that the Contract actually relates to a 2000 Ford Mustang.[2]  Defendant attached a copy of the contract to the Motion.[3]  The Contract states that on April 14, 2005, Plaintiff promised to pay the original amount of $9,013.47 at an interest rate of 25.20% and that the Contract is secured by a 2000 Ford Mustang.  The Contract is for 42 months with payments to begin on May 14, 2005.  Because Plaintiff has not supplied evidence to dispute the Contract, the Court finds that there is no material issue of fact and that the vehicle is a 2000 model.

*Allowable Interest Rate*

The allowable interest to be charged on motor vehicle installment sales is governed by section 348.104 of the Texas Finance Code.[4]

> (a) A retail installment contract that is payable in substantially equal successive monthly installments beginning one month after the date of the contract may provide for a time price differential that does not exceed:
> (1) the add-on charge provided by this section; ...

For a vehicle that is five or more years old when purchased, "the add-on charge is: (1) $15 per $100 per year on the principal balance ...."[5]

Accordingly, the "add-on" charge allowed by Texas law on this Contract is $15.00 multiplied by  the original principal balance of the note, divided by 100, multiplied by 3.5 years.[6]

---

[1] Complaint to Recover Damages for Usury and Other Damages, doc # 1, at 1 ("Complaint").  Plaintiff did not attach a copy of the contract or any supporting documentation to her complaint.

[2] Talisman's Motion to Dismiss and for Summary Judgment, doc # 9, at 1 ("Motion").

[3] Affidavit in Support of Talisman's Motion to Dismiss and for Summary Judgment ("Affidavit"), doc # 11, exhibit A.

[4] Tex. Fin. Code Ann. § 348.104.

[5] Tex. Fin. Code Ann. § 348.104(e).

[6] The Contract provides for payments over 42 months which is 3.5 years.

$15.00 * ($9,013.57 / 100) * 3.5 = $ 4,732.12

The above calculated amount of $4,732.12 is the maximum amount that Defendant may charge as interest on this Contract. The Contract states that the total payments, including the interest payments computed at 25.20%, required are $13,654.13. Given that the original balance of the Contract is $9,013.57, the Defendant is charging $4,640.56 in interest which is $91.56 less than the maximum amount allowed by Texas law. The web site maintained by the Office of the Consumer Credit Commissioner computes the maximum interest rate on 42 month contracts for 2000 automobiles to be 25.6447%. Accordingly, the interest rate charged by Defendant does not exceed the maximum allowable rate.

*Attorney's Fees*

Defendant requests that the Court award to it attorneys' fees and expenses incurred in responding to the complaint because the complaint was filed without any legal justification but there is no supporting rule of law to Defendant's request.

Rule 54 of the Federal Rules of Civil Procedure provides that claims for attorneys' fees must be made my motion and ...

> the motion must be filed no later than 14 days after entry of judgment; must specify the judgment and statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimated of the amount sought.[7]

Defendant may file an appropriate motion at the proper time with the required specifications.

CONCLUSION

The Court GRANTS the Defendant's Motion and by separate order issued this date, dismisses this adversary proceeding.

SIGNED   November 22, 2005

*Wesley W. Steen*
_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE

---

[7] Fed. R. Civ. Proc. 54(d)(2)(B).